UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 1:19-cr-10025-IT |
| KEVIN L. GREEN, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
April 12, 2021

TALWANI, D.J.

Before the court is Defendant Kevin Green's *pro se* Motion for Early Termination of Probation [#7]. For the reasons that follow, Defendant's Motion [#7] is DENIED without prejudice.

I. Legal Standard

Pursuant to 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

18 U.S.C. § 3583(e)(1).

II. Background

Defendant was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride. Order Transferring Jurisdiction 1 [#1]; see also 21 U.S.C. § 846. On September 18, 2007, Green was sentenced as a career offender to 210 months imprisonment and four years supervised release. Order Transferring Jurisdiction 2 [#1]; Opp'n to Def.'s Mot. for Early Termination ("Opp'n") 2 [#11]. Supervision commenced on October 31, 2018. Order Transferring Jurisdiction 1 [#1].

Since his release, Green has lived in Massachusetts. Id. During the approximately two years and five months that Green has been on supervised release, he has been continuously employed and has maintained a stable residence. Opp'n 2 [#11]; see also Probation Mem. Regarding Early Termination ("Probation Mem.") 2 [#12]. Green currently works full-time as a warehouse supervisor of a seafood distribution company. Verification of Employment [#7-2]; Probation Mem. 2 [#12]. The government reports that his current employer "thinks highly of him." Opp'n 2 [#11]. Green reports that Probation conducted home and job visits without incident and granted him permission to travel outside of the jurisdiction. Mot. for Early Termination ("Mot.") 2 [#7]. Green volunteers regularly at the Falmouth Cape Verdean Club where he cooks, cleans, helps with the maintenance and upkeep of the club, and donates food supplies. Letter of Support [#7-1].

Green has not received any formal violations while on supervised release, however, his supervision has not been entirely incident free. Green failed to inform the Probation Office that he was arrested on October 12, 2019, and the Probation Office did not learn of this law enforcement contact until December 6, 2019. Probation Mem. 2 [#12].[1] Probation also reports that he has tested positive for marijuana use eight times, including as recently as March 3, 2021. Id.[2]

III. Discussion

In support of his request for early termination, Green cites to his record of continuous employment, his community involvement, and his lack of probation violations. Mot. 1-2 [#7]; see

---

[1] The arrest was on an outstanding warrant for misdemeanor breaking and entering and larceny under $200. Defendant appeared in state court on November 15, 2019. This warrant was cleared, and all charges were dismissed. Probation Mem. 2 [#12].

[2] Defendant was also issued a Massachusetts Uniform Citation charging him with attaching plates and operating an unscreened and unregistered motor vehicle. Probation Mem. 2 [#12]. Probation recommended that no action be scheduled against Defendant for these charges until there was a resolution to the criminal charges; the court adopted this recommendation. Order Regarding Probation Request 2 [#4]. These charges were resolved and resulted in no action in connection with Defendant's supervision. Probation Mem. 2 [#12].

also Letters [#7-1], [#7-2]. The government acknowledges that Defendant has maintained employment and has not received any formal violations, but opposes the request in light of his recent drug use and his underlying conviction and career offender designation. Opp'n 3 [#11]. The government also points to Defendant's drug use when he committed the offense of conviction. Id. at 2-3. The assigned Probation Officer agrees with Defendant that he has made "substantial strides while on supervision," but does not support early termination given his recent drug use and the nature of his conviction. Probation Mem. 2 [#12].[3]

The court finds that Green has made significant progress while on supervised release, as demonstrated by his consistent employment and stable residence. Other than the positive drug screens for marijuana use, Defendant also appears to have been fully compliant with all conditions of release since December 2019.

Defendant may not have viewed marijuana use as off limits in light of Massachusetts' efforts to decriminalize marijuana. Nonetheless, marijuana possession remains illegal under federal law. Accordingly, the court is reluctant to terminate supervision early given Defendant's continued use.

---

[3] As noted by the Probation Officer, under the Guide to Judiciary Policy, after 18 months of supervision, there is a presumption in favor of recommending early termination for persons who meet the following criteria:

> (A) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)), or has not committed a sex offense, or engaged in terrorism;
> (B) the person presents no identified risk of harm to the public or victims;
> (C) the person is free from any court-reported violations for a 12-month period;
> (D) the person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (E) the person is in substantial compliance with all conditions of supervision; and
> (F) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Probation Mem. 1-2 (citing The Guide to Judiciary Policy, Vol. 8, Part E, Ch. 3, 360.20) [#12].

Green may renew his request for early termination after demonstrating his ability to comply with this condition of supervision.

IV. <u>Conclusion</u>

For the aforementioned reasons, Defendant's <u>Motion for Early Termination of Probation</u> [#7] is DENIED without prejudice.

IT IS SO ORDERED.

Date: April 12, 2021 /s/ Indira Talwani
United States District Judge